Viktoria **NIKOGHOSYAN**, Petitioner,

v.

Alberto R. **GONZALES,*** Attorney General, Respondent.

No. 03–70780.

United States Court of Appeals, Ninth Circuit.

Submitted June 2, 2005.**

Decided June 7, 2005.

Rehearing Denied Aug. 30, 2005.

***  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*  Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

**  Petitioner's motion to submit this case on the briefs was granted.

Viktoria Nikoghosyan, Los Angeles, CA, pro se.

Brian Mezger, Esq., Bethesda, MD, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Emily A. Radford, Esq., Blair T. O'Connor, Esq., U.S. Department of Justice, Washington, DC, for Respondent. Agency No. A75–716–911.

Before LAY,*** REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM ****

Petitioner Viktoria Nikoghosyan petitions for review of the Board of Immigration Appeal's ("BIA") summary affirmance of the immigration judge's ("IJ") denial of her application for asylum. We grant the petition for review and remand for further proceedings. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

I

To determine whether substantial evidence supports the IJ's credibility determination, we evaluate each ground cited by the IJ for the finding. *See Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir.2003). To support an adverse credibility determination, the IJ must have a "legitimate, articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Id.* at 1022 (quoting *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996)).

■ Whether Nikoghosyan was attacked by two or four people is of no matter, *see He v. Ashcroft*, 328 F.3d 593, 600 (9th Cir.2003) ("Whether five people or ten people came to take his wife for involuntary sterilization, it would nonetheless have been involuntary."), particularly because Nikoghosyan does not claim in her application that she suffered any worse injury at the hands of four rather than two people, *see Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998). Therefore, the inconsistency regarding the number of Nikoghosyan's attackers is a minor one that may not support an adverse credibility finding. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d, 655, 660 (9th Cir.2003) ("Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for [her] safety are insufficient to support an adverse credibility finding."). Furthermore, a likely explanation for the inconsistency is

*** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

poor translation. *See He,* 328 F.3d at 598; *Mendoza Manimbao,* 329 F.3d at 662 ("Moreover, [this court] has long recognized that difficulties in interpretation may result in seeming inconsistencies . . . ."). Likewise, the perceived inconsistency regarding whether the pamphlets Nikoghosyan distributed are referred to by the name "Watchtower" or "Observatory" is explained by difficulties in translation and thus does not constitute substantial evidence that may support an adverse credibility finding. *Id.*

■ The inconsistency regarding whether Nikoghosyan was alone or with her sisters when she was attacked does not support an adverse credibility finding, as it is a minor inconsistency that does not reveal anything about Nikoghosyan's fear for her safety. *See Mendoza Manimbao,* 329 F.3d at 660. That Nikoghosyan wrote in her asylum application that the police made a report of her attack but stated in her asylum hearing that she did not know whether the police made a report or not is also a minor inconsistency that does not support an adverse credibility finding. *See id.*

We perceive no inconsistency regarding who introduced Nikoghosyan to the Jehovah's Witness religion that may support an adverse credibility finding. Nikoghosyan testified that her neighbor introduced her to the religion and that her mother was a member of the religion before Nikoghosyan was.

■ The IJ's speculation regarding within what time period Nikoghosyan should be baptized is personal conjecture and speculation that is no substitute for substantial evidence. *Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000); *Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir. 1996). Nikoghosyan's failure to carry a card informing medical professionals that she does not consent to certain medical treatment is not, amongst a body of credible and persuasive evidence, sufficient to support an adverse credibility finding. *Mejia–Paiz v. INS,* 111 F.3d 720, 724 (9th Cir.1997). Where Nikoghosyan did not appear to know that corroborating evidence was necessary, where she immediately offered to procure such evidence, and where the IJ did not offer any other legitimate reason to question Nikoghosyan's credibility, Nikoghosyan's failure to submit evidence corroborating her testimony that she is a Jehovah's Witness does not support an adverse credibility finding. *See Sidhu v. INS,* 220 F.3d 1085, 1091 (9th Cir.2000).

In sum, none of the IJ's proffered reasons constitute substantial evidence that may support an adverse credibility finding under applicable case law.

## II

■ Our conclusion that the IJ's adverse credibility finding is not supported does not end our inquiry because the IJ made an independent finding that, even accepting Nikoghosyan's testimony as true, Nikoghosyan did not demonstrate that she in unable or unwilling to return to America because of persecution or a well-founded fear of persecuion on account of her religion. In reaching this conclusion, the IJ did not take into consideration the fact that Nikoghosyan was a member of a disfavored and mistreated group. In such cases, we have directed that:

> Where an applicant establishes that she is a member of a mistreated group, the level of individualized targeting that she must show is inversely related to the degree of persecution directed toward that group generally. [*Hoxha v. Ashcroft,* 319 F.3d 1179, 1182–83 (9th Cir. 2003) ]. Accordingly, if an applicant demonstrates that she is a member of a group against which there is "a pattern or practice" of persecution, she need not

further prove that she would be singled out for persecution. 8 C.F.R. § 208.13(b)(2)(iii); *Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994). If the applicant demonstrates that she is a member of a "disfavored group," but the group persecution does not rise to the level of a pattern or practice of persecution, then the applicant must also demonstrate that she is more likely to be targeted as a member of that group. *Sael [v. Ashcroft],* 386 F.3d at 925 (collecting cases).

*Lolong v. Gonzales,* 400 F.3d 1215, 1219 (9th Cir.2005).

Because the IJ did not conduct an analysis of Nikoghosyan's case as a case involving a disfavored and mistreated group, we must remand for reconsideration in light of the analysis set forth in *Lolong,* and with the assumption that Nikoghosyan's testimony is entitled to credibility.

PETITION GRANTED; REMANDED.